IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSE AARON DAVISON

          Petitioner     *

     vs.            *   CIVIL ACTION NO. MJG-14-910
                           (Criminal No. MJG-10-0632)

UNITED STATES OF AMERICA   *

          Respondent     *

*     *     *     *     *     *     *     *     *

<u>MEMORANDUM AND ORDER RE: SECTION 2255 MOTION</u>

The Court has before it Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Document 175] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.


I.   <u>BACKGROUND</u>

On February 9, 2011, Petitioner was charged in an eight-Count Superseding Indictment [Documents 51, 61]:

- Count One - Conspiracy to Produce Child Pornography in violation of 18 U.S.C. § 2251(a);

- Counts Two through Six - Production of Child Pornography in violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2256;

- Count Seven - Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and

- Count Eight - Tampering with Objects and Proceedings, in violation of 18 U.S.C. § 1512(c)(1), (2).

Petitioner was tried to the Court without a jury.  On May 12, 2011, the Court announced its decision, finding Petitioner Guilty on all Counts other than Count 6.  On May 18, 2011, the Court issued its Supplemental Decision on Count Six, finding Petitioner not guilty on Count Six.  <u>See</u> [Document 109].

On July 28, 2011, the Court imposed sentences against Petitioner of life imprisonment on Counts 1 through 5, 120 months imprisonment on Count 7, and 60 months imprisonment on Count 8, all concurrent with each other and with Petitioner's state sentences.  Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.  [Document 128].  The appellate court affirmed Petitioner's conviction and sentence. <u>United States v. Davison</u>, 492 F. App'x 391 (4th Cir. 2012), <u>cert den.</u> 133 S. Ct. 1611 (2013).

II.  <u>GROUNDS ASSERTED</u>

In the instant Motion, Petitioner has presented twenty-five[1] Grounds for relief that can be labelled as follows:

    1.   Prosecutorial "misconduct" - legal argument;

    2.   Court - fact findings, inadequacy of proof;

---

[1]    In his Reply to the Government's response to the instant motion, Petitioner refers to a Ground Twenty-Six.  <u>See</u> [Document 188] at 32.  However, there is no such Ground set forth in the instant Motion.

3.    Court - fact findings, inadequacy of proof;

4.    Court - fact findings, inadequacy of proof;

5.    Court - burden of proof error;

6.    Court - illegal sentence imposed;

7.    Court - no retrial of Count 8;

8.    Court - fact findings, inadequacy of proof;

9.    Counsel – burden of proof error;

10.   Counsel – argument, inadequacy of proof;

11.   Counsel - fact findings, inadequacy of proof;

12.   Counsel - fact findings, inadequacy of proof;

13.   Counsel - burden of proof error;

14.   Counsel - illegal sentence;

15.   Counsel - no retrial of Count 8;

16.   Counsel - fact findings, inadequacy of proof;

17.   Counsel - fact findings, inadequacy of proof;

18.   Counsel – defense theory, Broxmeyer decision;

19.   Counsel - defense theory, inadequacy of proof;

20.   Counsel – defense theory, inadequacy of proof;

21.   Counsel - cross examination advice;

22.   Counsel - cumulative effect;

23.   Appellate counsel – inadequate advocacy;

24.   Court - burden of proof error; and

25.   Court - admission of Petitioner's statement.

3

III. PERTINENT PRINCIPLES

    A.   Issues Resolved on Appeal or Waived

A § 2255 post-conviction attack on a finding of guilt or on a sentence cannot be used to assert grounds that were resolved on direct appeal.  See United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009) ("[A Petitioner] may not circumvent a proper ruling [from a] challenge on direct appeal by re-raising the same challenge in a § 2255 motion."); see also United States v. Dyess, 730 F.3d 354 (4th Cir. 2013).  Nor can § 2255 be utilized "to retry the case or to raise questions which might have been raised upon appeal."  Sanders v. United States, 230 F.2d 127, 127 (4th Cir. 1956) (per curiam).

Petitioner has not established actual innocence, or cause, warranting his being able to effectively retry the case and reargue his appeal.


    B.  Ineffective Assistance of Counsel

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of

4

reasonableness,"[2] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]."  Id. at 694.

Moreover, an ineffective assistance of counsel claim cannot be utilized to provide a vehicle to present issues that were resolved on direct appeal or that have been waived.


IV.  DISCUSSION

In the instant case, Petitioner elected to have the case tried by the Court without a jury.  He was convicted on seven Counts (Counts 1-5, 7-8) and found not guilty on one Count (Count 6).  On direct appeal, the Fourth Circuit affirmed Petitioner's conviction and sentence, expressly addressing and rejecting Petitioner's contention that the evidence was inadequate to establish his guilt on all Counts on which he was convicted.  United States v. Davison, 492 F. App'x 391, 394 (4th Cir. 2012) (per curiam) ("Having reviewed the record, we

---

[2]    Thus overcoming a presumption that counsel's conduct (i. e. representation of the criminal defendant) was reasonable.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

conclude that the convictions are supported by sufficient evidence."), <u>cert den.</u> 133 S. Ct. 1611 (2013).

By the instant Motion, Petitioner seeks to reargue the case in order to debate the Court's factual findings and the appellate court's determination that the evidence was adequate to support his convictions.  He cannot, as a procedural matter, do so.  Moreover, even if there were no procedural limitations restricting the scope of issues considered, the Court finds that the evidence presented at trial proved Petitioner's guilt beyond any reasonable doubt.  Petitioner and his co-Defendant together engaged in a series of sexual acts with a ten-year-old girl. They made, and caused to be made, visual depictions of these actions.  There is no plausible basis on which Petitioner could contend that that he was convicted wrongfully.

The instant discussion addresses the Grounds asserted by Petitioner, grouped together to avoid needless repetition.


A.   <u>Inadequate Proof - Grounds 2-4, 8, 10-12, 16-17, 19-20</u>

Whether labelled as erroneous findings by the Court or as inadequate assistance on the part of trial counsel, these Grounds have a common core. That is, Petitioner contends, in these Grounds, that the Court's findings of guilt were not based upon adequate evidence.  However, on Petitioner's direct appeal,

the United States Court of Appeals for the Fourth Circuit

addressed and resolved the matter, stating:

> Davison challenges the sufficiency of the
> evidence regarding each count of conviction.
> A defendant challenging the sufficiency of
> the evidence faces a heavy burden. United
> States v. Beidler, 110 F.3d 1064, 1067 (4th
> Cir.1997). In determining whether the
> evidence in the record is sufficient, we
> view the evidence in the light most
> favorable to the government. United States
> v. Burgos, 94 F.3d 849, 862 (4th Cir.1996)
> (en banc). "Reversal for insufficient
> evidence is reserved for the rare case where
> the prosecution's failure is clear."
> Beidler, 110 F.3d at 1067 (internal
> quotation marks and citation omitted).
> Having reviewed the record, we conclude that
> the convictions are supported by sufficient
> evidence.

Davison, 492 F. App'x at 394.

Accordingly, Petitioner is not entitled to relief based

upon an alleged insufficiency of the evidence or upon trial

counsel's alleged inadequate advocacy thereon.


B.   Burden of Proof - Grounds 5, 9, 13, 24

While labelled as contentions that the Court failed to

apply the correct burden of proof, these Grounds are, in

substance, contentions that the evidence was not sufficient to

support the Court's findings of guilty beyond a reasonable

doubt.  The appellate court's decision that the evidence was

7

sufficient is conclusive regarding the adequacy of the evidence to support a finding of guilty proven beyond a reasonable doubt.

Moreover, the Court did, in fact, decide the case requiring the Government to prove its charges beyond a reasonable doubt.

The Court announced its decision on Counts 1 – 5 and 7-8 on the record of proceedings held May 12, 2011.  The Court stated that Document 88, the Government's requested statement of the elements - analogized to "jury" instructions – was "the legal basis on which the [Court as] fact finder has proceeded."  Tr. May 12, 2011, 59:15-25.  The said document sets forth that, as to each Count, the essential elements of the offense are "required to be proven beyond a reasonable doubt."  See [Document 88] at 2, 9, 15, and 20.

In the Supplemental Decision on Count 6 [Document 109], the Court expressly referred to the failure of the Government to meet the pertinent burden of proof as the reason for finding Petitioner not guilty of the charge in Count 6. As stated therein:

> The bottom line is that the Court finds the evidence sufficient to establish by a preponderance of the evidence that Defendant Davison committed the offense and, possibly, sufficient to establish this on the clear and convincing evidence standard.  However, upon consideration of all the evidence presented and not presented, the Court does not find the charge in Count 6 established beyond a reasonable doubt.

Id. at 4 (emphasis added).

Accordingly, Petitioner is not entitled to relief based upon any failure of the Court to apply the correct burden of proof or with regard to trial counsel's advocacy relating thereto.

C.    Illegal Sentence - Grounds 6, 14

Petitioner states, in Ground 6, a contention that the Court sentenced him "illegally."  [Document 175] at 10.  However, the contention is not expressed in a comprehensible manner.[3]   The Court found no explanation of this Ground in Petitioner's Memorandum of Law in support of the instant Motion [Document 175-1].  Moreover, Petitioner's Reply to the Government's Response proceeds from a discussion of Ground 5 to a discussion of Ground 7, without reference to Ground 6.  See [Document 188] at 6-8.

However, the Court notes Petitioner's citation to United States v. Gibbs, 506 F.3d 479 (6th Cir. 2007) in the instant Motion.  See [Document 175] at 10.  In Gibbs, the district court

---

[3]    Petitioner advances similar arguments as to Ground 6 and Ground 14, with the only difference being that Ground 14 refers to trial counsel's alleged ineffective assistance in failing to object to the "illegal sentence."  See [Document 175] at 20 ("For a review of the 'Supporting Facts' and 'Law' for 'Ground Fourteen,' see . . . 'Ground Six' of this Motion.").

was reversed for stating that it was required to make its

federal sentence consecutive to a state sentence.  506 F.3d 487-

88.  If the <u>Gibbs</u> decision is the basis for the illegal sentence

contention, reliance thereon would be misplaced.  In the instant

case, the Court made all sentences on all counts <u>concurrent</u> –

not consecutive - with each other and with the state court

sentence.  Hence, there was no inconsistency with the decision

in <u>Gibbs</u>.

Accordingly, Petitioner is not entitled to relief based

upon any illegal sentencing by the Court or with regard to trial

counsel's advocacy relating thereto.


D.    <u>Retrial of Count Eight – Grounds 7, 15</u>

Petitioner contends that the decision of the Supreme Court

of the United States in <u>Fowler v. United States</u>, ___ U.S. ___,

131 S. Ct 2045 (2011), requires a new trial on the charges in

Count Eight of the Superseding Indictment.

In Count Eight, Petitioner was charged with violating 18

U.S.C. § 1512(c)(1) and (2).  The Superseding Indictment stated:

> From on or about June 7, 2010 through on or
> about June 18, 2010 in the District of
> Maryland, the defendant,
>
> JESSE   AARON   DAVISON,
>
> Attempted   to   and   did   corruptly   alter,
> destroy, mutilate, and conceal a record,

> document, and object, with the intent to
> impair the integrity and availability for
> use in an official proceeding, and otherwise
> to obstruct, influence and impede any
> official proceeding.
>
> 18 U.S.C. § 1512(c)(1) and (2)
> 18 U.S.C. § 2

[Document 61] at 10.

The Government proved that Petitioner was responsible for steps taken to destroy evidence that was material to the investigation – at the time by state rather than by federal officers – which resulted in the charges at issue herein.  In Fowler, the Supreme Court stated, in a context analogous to the instant case:

> We consequently hold that (in a case such as
> this one where the defendant does not have
> particular federal law enforcement officers
> in mind) the Government must show a
> reasonable likelihood that, had, e.g., the
> victim communicated with law enforcement
> officers, at least one relevant
> communication would have been made to a
> federal law enforcement officer.  That is to
> say, where the defendant kills a person with
> an intent to prevent communication with law
> enforcement officers generally, that intent
> includes an intent to prevent communications
> with federal law enforcement officers only
> if it is reasonably likely under the
> circumstances that (in the absence of the
> killing) at least one of the relevant
> communications would have been made to a
> federal officer.
>
> The Government need not show that such a
> communication, had it occurred, would have
> been federal beyond a reasonable doubt, nor

11

> even that it is more likely than not. . . .
> But the Government must show that the
> likelihood of communication to a federal
> officer was more than remote, outlandish, or
> simply hypothetical.

131 S. Ct. at 2052.

The Court did not, and does not, find that the Fowler

decision warranted a new trial on the charges in Count Eight.

The evidence established, without doubt, that there was a

reasonable likelihood - certainly greater "than remote,

outlandish or simply hypothetical" - that state officers would

have brought to the attention of federal authorities images

showing Petitioner's participation in sexually explicit conduct

with a ten-year-old girl.


E.   Prosecutorial Misconduct - Ground 1

Petitioner alleges that the prosecutor misstated the law

regarding the burden of proof, the Broxmeyer decision, and the

Court's fact findings.  As discussed in regard to Petitioner's

Grounds based thereon, Petitioner's positions on these matters

lack merit.

Petitioner is not entitled to relief based upon the alleged

prosecutorial misconduct or upon trial counsel's alleged failure

to object thereto.

F.    The Broxmeyer Decision – Ground 18

Petitioner asserts that trial counsel was ineffective for failing adequately to present contentions based upon the decision in United States v. Broxmeyer, 616 F.3d 120 (2nd Cir. 2010), and that the Court erred by not finding Petitioner guilty in light of that decision.

The Broxmeyer court held that proof of a charge under 18 U.S.C. § 2251(a) requires proof that the defendant's persuasion, enticement or coercion caused the production of a visual depiction of explicit sexual conduct.  616 F.3d at 125.  In Broxmeyer, the appellate court determined that the Government had failed to prove when the victim took the pictures at issue. Id. at 126-27.  Indeed, the evidence in Broxmeyer was consistent with the victim having taken the pictures prior to her beginning a sexual relationship with the defendant.

No argument by Petitioner's trial counsel based upon Broxmeyer would have prevailed in the instant case.  The videos charged in Counts Two and Three were taken by the victim while she was engaged in sexual activity with the defendants.

In regard to the Count Two video taken by the victim, Petitioner directed the victim to "hold it [the device taking the video] right there" and "get [them / our] faces."  Tr. Apr. 22, 2011, 227:7-228:23.

13

In regard to the Count Three video, Petitioner was directing the victim's actions that were being recorded, stating "There you go," "Don't try to go fast," and "Just like that." Tr. Apr. 22, 2011, 232:25-233:20.  Petitioner also used the victim's hand to masturbate the co-Defendant.  232:12-19.

The evidence was adequate to support the Court's finding, beyond a reasonable doubt, that Petitioner caused the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

Accordingly, Petitioner is not entitled to relief based upon trial counsel's advocacy, or lack of advocacy, regarding the Broxmeyer decision or by the Court's not relying upon that decision to find Petitioner not guilty.


G.   Cross-Examination Advice - Ground 21

The Court granted Petitioner's motion to be allowed to conduct the cross-examination of the co-Defendant.  See [Document 87].  Petitioner did so.  He contends that trial counsel erroneously advised him "that he should not ask [the co-Defendant] 'questions' where he does not know if she will answer the questions asked 'truthfully.'"  [Document 175] at 23.

Petitioner does not specify what particular exculpatory evidence would (or even might) have been adduced from the co-

14

Defendant by virtue of questions that he did not ask of her.
Nor does Petitioner present anything to establish a reasonable
probability that additional cross-examination of the co-
Defendant would have changed the result of the trial.

Accordingly, Petitioner is not entitled to relief based
upon trial counsel's allegedly ineffective advice regarding
Petitioner's cross-examination of the co-Defendant.


H.   <u>Cumulative Effect - Ground 22</u>

Petitioner states that the cumulative effect of all of
trial counsel's alleged errors had the effect of depriving him
of the effective assistance of counsel.  The Court has found
that none of trial counsel's actions taken singularly, nor all
taken together, deprived Petitioner of the effective assistance
of counsel.

The Government's evidence of guilt was overwhelming, and
included, but was not limited to, evidence of Petitioner engaged
in sexually explicit conduct in visual depictions for which he
was convicted.


I.   <u>Inadequacy of Appellate Counsel - Ground 23</u>

Petitioner contends that his appellate counsel failed
adequately to present his appeal.

15

This Court did not participate in the appeal.  This Court will defer to the appellate court, the United States Court of Appeals for the Fourth Circuit, to take such action, if any, as may be appropriate in regard to the appellate proceedings.

    J.   <u>Admission of Petitioner's Statement – Ground 25</u>

Petitioner contends that the Court erred in admitting into evidence a statement made by him to a witness, Ms. Tusing. Petitioner contends that the "'statement' lack[ed] the 'in furtherance' element required for such a statement to be admitted 'against' the petitioner in accordance with Fed. R. Evid. – 801(d)(2)."  [Document 175] at 31.

Apparently, Petitioner is referring to Rule 801(d)(2)(E) relating to out-of-court statements of a co-conspirator in furtherance of a conspiracy.  However, as Petitioner states, the subject of the Ground is "petitioner's own 'Statement' made to 'Ms. Tusing.'"  [Document 175] at 31.  Therefore, there is no "in furtherance" finding required for admission.  Rather, the statement was admissible pursuant to Federal Rule of Evidence 801(d)(2)(A) ("made by the party in an individual or representative capacity").

V. <u>CONCLUSION</u>

For the foregoing reasons:

1.    Petitioner's Motion to Vacate, Set Aside, or
      Correct Sentence Under 28 U.S.C. § 2255 [Document
      175] is DENIED.

2.    This case shall be dismissed with prejudice.

3.    Judgment shall be entered by separate order.


SO ORDERED, on <u>Friday, May 29, 2015</u>.


                              _____/s/_____
                                 Marvin J. Garbis
                              United States District Judge